UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LYNDA S. ROWLAND | CIVIL ACTION NO. 22-0667[1] |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two Daubert Motions: (1) Plaintiffs' Motion to Exclude the Testimony, Report, and Opinions of Defendants' Expert Mitchell Wood; and (2) Defendants' Motion to Exclude the Testimony, Report, and Opinions of Plaintiffs' Expert Jason English. See Record Documents 41 and 42. Defendants have also filed a Motion to Strike the Affidavit of Jason English, which was attached as Exhibit A to Plaintiffs' Response in Opposition to Defendants' Daubert Motion. See Record Document 55. The motions are fully briefed. See Record Documents 51, 52, 56, 62, 64, and 70. For the reasons set forth below, all of the aforementioned motions are **DENIED**.

This is a slip and fall case relating to two incidents – one slip and one slip and fall – that occurred at the Outback Steakhouse restaurant in Shreveport, Louisiana, on December 12, 2020. Plaintiffs Lynda Rowland and Patricia Stallcup contend the slippery condition of the floor due to lack of proper maintenance caused their accidents and injuries on that date. Defendants disagree and argue, among other things, that no hazardous condition existed. Both Plaintiffs and Defendants have offered expert

---

[1] The instant Memorandum Order shall also be filed in member case, Patricia M. Stallcup v. Outback Steakhouse of Florida, LLC, et al., 22-cv-0786.

testimony as to causation under Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6(B).

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597, 113 S. Ct. 2786, 2799 (1993). The Daubert holding provided an illustrative list of factors that courts may use when evaluating the reliability of expert testimony. See id. at 592–594. These factors include whether the expert's theory or technique can be or has been tested, whether it has been subjected to peer review, whether it has a known or potential rate of error or standards controlling its operation, and whether it is generally accepted in the relevant scientific community. See id. at 593–594. "In short, expert testimony is admissible only if it is both relevant and reliable." Pipitone v. Biomatrix, Inc., 288 F.3d 239, 244 (5th Cir. 2002). Thus, the Daubert factors should be applied with flexibility and the question of whether an expert's testimony is reliable is ultimately a fact-specific inquiry. See Kumho

Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 138, 119 S. Ct. 1167, 1170 (1999); Burleson v. Tex. Dep't of Criminal Justice, 393 F.3d 577, 584 (5th Cir. 2004).

Though the trial court must fulfill its role as gatekeeper in ensuring that all admitted expert testimony is both reliable and relevant, "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." U.S. v. 14.38 Acres of Land, 80 F.3d 1074, 1078 (5th Cir. 1996). Thus, "[t]he rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, advisory committee's note (2000). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. The proponent of an expert's testimony bears the burden of proving that it meets the requirements of Rule 702. See Moore v. Ashland Chem., Inc., 151 F. 3d 269, 276 (5th Cir. 1998). Whether these elements are met is a preliminary question for the district court to decide under Federal Rule of Evidence 104(a).

**Plaintiffs' Motion to Exclude the Testimony, Report, and Opinions of Defendants' Expert Mitchell Wood (Record Document 41)**

Plaintiffs seek to exclude defense expert Mitchell Wood ("Wood") on the grounds that his causation opinions are faulty and unreliable and that he has no education and training as a safety engineer that would qualify him to give opinions related to floor maintenance. As to his qualifications, the Court finds that Wood's credentials and extensive experience qualify him to testify as an expert in this case, including opinions relating to causation and floor safety. The Court specifically notes Wood's bachelor's degree in civil engineering and his master's and bachelor's degree in architecture. Additionally, he holds licenses in commercial construction, inspection, and architecture. His 34 years of experience as a certified code review architect, licensed general

contractor, licensed building inspector, and civil engineer also make him uniquely qualified to serve as an expert in this case. The Court further finds that Wood's opinions and his report are based on sufficient facts and data. The Court's review of the record does not show a mischaracterization of facts or the use of inadmissible evidence. In fact, it appears that Wood considered and reviewed – for the most part – the same evidence the Plaintiffs' expert reviewed. Plaintiffs should focus on vigorous cross-examination and the presentation of contrary evidence to challenge Wood's opinions. The Court also believes Wood's expert opinions will assist the jury in its consideration of Section 2800.6(B). Accordingly, Plaintiffs' Motion to Exclude the Testimony, Report, and Opinions of Defendants' Expert Mitchell Wood (Record Document 41) is **DENIED**.

**Defendants' Motion to Exclude the Testimony, Report, and Opinions of Plaintiffs' Expert Jason English (Record Document 42) and Defendants' Motion to Strike the Affidavit of Jason English (Record Document 55)**

Defendants challenge Plaintiffs' expert Jason English ("English") on the grounds that his report contains numerous speculative assumptions and conjectures and provides no factual evidence to support them. The defense contends that English's report is unreliable and not relevant to the elements required in Section 2800.6(B). Defendants specifically attack English's theories of causation relating to grease build-up on the floor and improper cleaning products and maintain that such theories would mislead and confuse the jury. In response, Plaintiffs again focused on English's report and additionally offered the affidavit of English to highlight the factors to consider when determining whether the floor maintenance practices at Outback created an unreasonably dangerous condition. This affidavit is the subject of Defendants' Motion to Strike, wherein the defense argues that the affidavit violates Federal Rule of Evidence 26(a)(2)(D) because

the additional information contained in the affidavit should have been included in English's initial report.

The Court has extensively reviewed the briefing on both defense motions. While the proffering of the affidavit in response to the defense Daubert motion was not ideal, any potential prejudice to the defense has been lessened by the resetting of the trial date for May 2024. The Court believes that English's explanations and opinions regarding the various standards applicable in the restaurant industry, the technical aspects of various floor cleaning fluids and cleaning methods, the proper application of those fluids, and the implications of the failure to properly use those cleaning fluids and cleaning methods are grounded in sufficient factual evidence and will assist the jury in its consideration of the elements required under Section 2800.6(B). The defense is free to conduct rigorous cross-examination and the jurors will be instructed to appropriately weigh English's testimony based upon the facts and testimony they hear at trial. Accordingly, Defendants' Motion to Exclude the Testimony, Report, and Opinions of Plaintiffs' Expert Jason English (Record Document 42) and Defendants' Motion to Strike the Affidavit of Jason English (Record Document 55) are **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 18th day of January, 2024.

_____
United States District Judge